FILED

DEC - 3 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

CASE NUMBER 1:03CV02496

JUDGE: Emmet G. Sullivan

DECK TYPE: Pro se General Civil

DATE STAMP: 12/03/2003

JURY ACTION

| | | |
|---|---|---|
| **ANTHONY P. KEYTER** 6200 Soundview Dr. | ) | |
| **Plaintiff** **(Pro Se)** Gig Harbor, WA. 98335 | ) | |
| 253-853-3859 | ) | |
| **Vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| **PRESIDENT GEORGE W. BUSH** | ) | |
| **Defendant** | ) | **JURY DEMAND** |

Plaintiff Anthony P. Keyter brings this civil action for damages against George W. Bush, President of the United States, for reckless disregard of his statutory duties and violation of Section 3 of Article II of the United States Constitution; violation of 18 USC § 241; violation of 18 USC § 242; violation of 18 USC § 4; and for reckless disregard of his Common Law duties.

## I. PARTIES

1.1 Name of Plaintiff: Anthony P. Keyter
Address: 6200 Soundview Dr. R201, Gig Harbor, WA. 98335
Telephone: (253) 853 3859

1.2 Name of Defendant: George W. Bush

Official Position: President of the United States

Address: The White House, 1600 Pennsylvania Ave NW, Washington, D.C. 20500

## II. JURIDICTION AND VENUE

2.1 This Court has original jurisdiction over plaintiff's federal claim under 28 USC § 1331, and supplemental jurisdiction in this case under 28 USC § 1367.

2.2 Venue properly lies in this court pursuant to 28 USC § 1391 (e).

## III. EVENTS

3.1 On January 4, 2002, and on July 17, 2002, a judge presiding over Washington State Superior Court Case # 00-3-02932-1 colluded with two others and fraudulently and illegally seized the Plaintiff's assets and a portion of future income. Amongst the crimes associated with this illegality was burglary, perjury, fraud, theft, and tampering with court evidence.

3.2 The Plaintiff lodged numerous criminal charges against the perpetrators of the crimes with several authorities in Washington State in order to seek rectification and justice viz: Law Enforcement, Prosecuting Agencies and the Attorney General, and with the Legislature and Executive of State. *Prima Facie* evidence of the crimes was provided to each authority.

3.3 With conscious intent, numerous officers from these authorities omitted to perform their legal duties to investigate and prosecute, or to see to the investigation and prosecution of the crimes, and joined in a conspiracy to protect the criminals. Exhibit 1 to this Complaint lists the respective authorities that failed to execute their duties. Some

of the duties are also listed, and the number of requests to execute those duties. The Exhibit should be read as if specifically incorporated herein.

3.4 By failing to perform their legal duty, each of these officers provided protection to criminals and aided them to escape liability for their crimes. The officers thereby became liable as co-conspirators and accessories after the fact to the crimes, and each of them breached several other laws as principal offenders.

3.5 *Prima Facie* evidence of 1239 (twelve hundred and thirty nine) principal violations and 244,083 (two hundred and forty four thousand and eighty three) counts of conspiracy by 195 Officers of Washington State, and 2 others, was lodged with the US Department of Justice, together with a request to investigate and prosecute these crimes. The US Department of Justice failed to perform this duty.

3.6 Thus, despite the appropriate authorities having full knowledge of the crimes, the perpetrators enjoyed impunity without intervention by the law. It is clear that in this case there was manifest disregard for the law and a cataclysmic failure of the legal system.

3.7 The Plaintiff had taken exhaustive measures in seeking justice and restitution and animating the legal process, to no avail.

3.8 When the laws of the country are not faithfully executed, it is encumbered upon the President to act in terms of his Constitutional duties. Accordingly the Plaintiff addressed himself to the Defendant.

3.9 Between February 2003 and September 2003 four letters were sent to the Defendant informing him of the crimes and the defeat of justice within Washington State and in the U.S. Department of Justice. The latter three letters contained requests to the Defendant to see to the proper execution of the laws of the country which pertained to this case.

3.10 Attached to the letter dated September 2, 2003, was a 970-page 'Dossier of Crimes' which demonstrated unequivocally that the laws were not faithfully executed, and that

*prima facie* evidence existed to investigate 1239 crimes and 244,083 counts of conspiracy against rights. Amongst the crimes detailed in that dossier, were several felony cases.

3.11 The Defendant willfully failed his Constitutional duties to take care that the laws be faithfully executed. He also failed his statutory and common law duties regarding misprision of felonies.

3.12 By reason of the Defendant's willful omissions and/or reckless disregard of his Constitutional and statutory duties, and his gross violations of law, the Plaintiff has suffered, and continues to suffer, the loss of his assets and certain income and mental and emotional anguish and distress.

3.13 The Defendant's failure of the duties imposed upon him by the US Constitution and by law, and his resultant culpability to numerous criminal violations, denigrates the Office of the Presidency.

3.14 The Defendant brings the entire nation into disrepute amongst the 'family of nations' by joining a conspiracy against the very values and principles enshrined in the Constitution, which principles are so cherished by the nation, viz. that of "Justice", "Freedom", and "the Rights of the Individual".

## IV. FIRST CAUSE OF ACTION

**Violation of Section 3 of Article II of the United States Constitution**

4.1 Plaintiff re-alleges paragraphs 3.1 through 3.14 as if fully set forth herein.

4.2 Section 3 of Article II of the United States Constitution states that: " The President ... shall take care that the laws be faithfully executed."

4.3 The Plaintiff brought to the attention of the Defendant circumstances in which numerous laws had not been faithfully executed. It pointed to a collusion and conspiracy

by many officials of government. The circumstances also pointed to a grand failure of the legal system as it pertains to this case.

4.4 The Plaintiff advised the Defendant that the Plaintiff had taken exhaustive steps, without result, to have the laws faithfully executed. Exhibit 1 lists the organizations which the Plaintiff had approached but that omitted to perform their legal duties. Exhibit 2 lists several laws which were not faithfully executed. Both exhibits must be read as if fully set forth herein. The Defendant was provided with the information contained in Exhibits 1 and 2.

4.5 As a last resort, the Plaintiff requested the Defendant to take care that the laws be faithfully executed. The Plaintiff provided the Defendant with substantial evidence of the obstruction to the normal course of justice. The Plaintiff also advised the Defendant where such evidence was lodged within his own Administration.

4.6 The Defendant knew, or reasonably should have known, that the Plaintiff would suffer financial loss and personal hardship should the Defendant omit to execute his duty in terms of Section 3 of Article II of the United States Constitution. However, with reckless disregard the Defendant failed to take reasonable and prompt care that the laws were properly executed.

4.7 As a direct and proximate result of the Defendant's unlawful and reckless conduct, Plaintiff has suffered and continues to suffer the loss of his assets and certain income and mental and emotional anguish and distress.

## V. SECOND CAUSE OF ACTION

**Violation of 18 USC § 241**

5.1 Plaintiff re-alleges paragraphs 3.1 through 3.14 as if fully set forth here in.

5.2 Title 18, Part 1, Chapter 13, Section 241 of the US Code states that it is a crime for two or more persons to conspire to oppress any person in any State in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.

5.3 The Plaintiff brought to the attention of the Defendant circumstances in which numerous parties conspired to deprive the Plaintiff of his Constitutional and legal rights. The Defendant was advised that although the allegations of conspiracy involving many officials of government had previously been lodged with law enforcement authorities, these allegations had not been investigated or prosecuted. The circumstances also pointed to a grand failure of the legal system pertaining to this case, and to a cover up of 244,083 criminal violations by officials.

5.4 The Plaintiff requested the Defendant to take care that the laws be faithfully executed, and that the allegations of conspiracy be investigated and prosecuted. The Plaintiff provided the Defendant with substantial *prima facie* evidence of the conspiracy. The Plaintiff also advised the Defendant where such evidence was lodged within his own Administration.

5.5 Instead of taking reasonable, prompt and adequate remedial action, the Defendant, with reckless disregard, omitted to take the action demanded by his executive position and Section 3 of the Constitution. This omission furthered the aims of the conspiracy, provided protection to the conspirators, and rendered the Defendant culpable as a co-conspirator against Plaintiff's rights, thereby breaching 18 USC § 241.

5.6 The Defendant knew, or reasonably should have known, that violating Section 241 and conspiring with others to oppress the Plaintiff's rights under these circumstances would result in the Plaintiff suffering financial loss and personal hardship.

5.7 As a direct and proximate result of the Defendant's unlawful and reckless conduct, Plaintiff has suffered, and continues to suffer, the loss of his assets and certain income and mental and emotional anguish and distress.

## VI. THIRD CAUSE OF ACTION

**Violation of 18 USC § 242**

6.1 Plaintiff re-alleges paragraphs 3.1 through 3.14 as if fully set forth here in.

6.2 Title 18, Part 1, Chapter 13, Section 242 of US Code states that it is a crime to willfully, under color of law subject any person in any State to the deprivation of any rights secured by the Constitution or laws of the United States.

6.3 The Plaintiff brought to the attention of the Defendant circumstances in which numerous officials deprived the Plaintiff of his Constitutional rights. The Defendant was advised that although the allegations of deprivation of rights by many officials of government had previously been lodged with law enforcement authorities, these allegations had not been investigated or prosecuted, nor had the Plaintiff's rights been re-instated.

6.4 The Plaintiff requested the Defendant to take care that the allegations of deprivation of rights be investigated and prosecuted. The Plaintiff provided the Defendant with substantial *prima facie* evidence of the crimes. The Plaintiff also advised the Defendant where such evidence was lodged within his own Administration.

6.5 Instead of ordering the investigation and prosecution of the alleged deprivations of Plaintiff's rights, the Defendant omitted, with reckless disregard, to take the action demanded by his executive position and Section 3 of the Constitution. This omission of his duty violates 18 USC § 242.

6.6 The Defendant knew, or reasonably should have known, that violating Section 242 would deprive the Plaintiff of his rights and cause pecuniary loss and personal hardship.

6.7 As a direct and proximate result of the Defendant's unlawful and reckless conduct, Plaintiff has suffered, and continues to suffer, the loss of his assets and certain income and mental and emotional anguish and distress.

## VII. FOURTH CAUSE OF ACTION

### Violation of 18 USC § 4

7.1 Plaintiff re-alleges paragraphs 3.1 through 3.14 as if fully set forth here in.

7.2 Title 18 Part 1, Chapter 1, Section 4 of US Code states that it is a crime to have knowledge of the actual commission of a felony cognizable by a court of the United States and conceal it, and not to make it known as soon as possible to some judge or other person in civil or military authority under the United States.

7.3 The Plaintiff brought to the attention of the Defendant the fact that felonies had been committed and that numerous authorities had failed in their execution of the laws regarding these felonies.

7.4 The Plaintiff requested the Defendant to take action regarding these felonies. The Plaintiff provided the Defendant with prima facie evidence of the felonies. The Plaintiff also advised the Defendant where such evidence was lodged within his own Administration.

7.5 With reckless disregard, the Defendant failed to take reasonable and prompt action. His disregard violated 18 USC § 4.

7.6 The Defendant knew, or reasonably should have known, that the Plaintiff would suffer financial loss and personal hardship should the Defendant omit to execute his duty

in terms of 18 USC § 4, and his duty in terms of Section 3 of Article II of the United States Constitution.

7.7 As a direct and proximate result of the Defendant's unlawful and reckless conduct, Plaintiff has suffered and continues to suffer the loss of his assets and certain income and mental and emotional anguish and distress.

## VIII. FITH CAUSE OF ACTION

**Violation of Common Law duties**

8.1 Plaintiff re-alleges paragraphs 3.1 through 3.14 as if fully set forth here in.

8.2 The Plaintiff brought to the attention of the Defendant the fact that numerous crimes had been committed by 195 officials which has resulted in loss of property to the Plaintiff. Some of these crimes were ongoing, and authorities have failed to stop the ongoing crimes of which they were aware, and have failed to investigate and prosecute the crimes which action may have brought rectification and restitution.

8.3 The Plaintiff requested the Defendant to take action regarding these crimes. The Plaintiff provided the Defendant with prima facie evidence of the crimes. The Plaintiff also advised the Defendant where such evidence was lodged within his own Administration.

8.4 The Defendant has the power and capability and a common law duty to take corrective action. All that was required was to hand the case to the Attorney General to investigate and take the necessary further action.

8.5 With reckless disregard, the Defendant failed to take prompt action which society may expect of a reasonable man. His disregard breached his common law duties.

8.6 The Defendant knew, or reasonably should have known, that the Plaintiff would suffer financial loss and personal hardship should the Defendant omit to execute his common law duties.

8.7 As a direct and proximate result of the Defendant's reckless disregard for his common law duties, the Plaintiff has suffered and continues to suffer the loss of his assets and certain income and mental and emotional anguish and distress.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court:

1. Find that the Defendant

    1.1 violated Section 3 of Article II of the United States Constitution, and/or

    1.2 violated 18 USC § 241, and/or

    1.3 violated 18 USC § 242, and/or

    1.4 violated 18 USC § 4, and/or

    1.5 failed his common law duties.

2. Award Plaintiff damages for loss of assets and income in amounts to be proven at trial;

3. Award Plaintiff punitive damages commensurate with:

    3.1 The magnitude of the breakdown of the justice system in this case, which the Defendant failed to address with reckless disregard

    3.2 The staggering number and the seriousness of the crimes to which the Defendant made himself an accessory

    3.3 The status of the Defendant's position as President of this leading nation

    3.4 The magnitude of the denigration of The Office of the President by the Defendant through his omissions

    3.5 The depth of the Defendant's disregard for his common law duties

3.6 The disrepute that the Defendant has brought upon the United States of America by joining a conspiracy against Civil Rights which are enshrined in the Constitution;

4. Award Plaintiff, and asses against the Defendant, his litigation costs, including reasonable attorneys fees, and

5. Award the Plaintiff such other and further relief as is just.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this..24th.....day of..NOVEMBER....2003

**Anthony P. Keyter**

**Pro Se**

# Exhibit 1

**List of Government Institutions who had a legal duty to investigate or prosecute crimes brought to their attention in this case, or to see to the investigation or prosecution thereof. Some of the respective law(s) that impose duties on these institutions are also listed, and the number of requests made to these institutions to investigate and/or prosecute.**

1. City of Gig Harbor Police. Duties: RCW 10.93.020.1 - 8 Requests
2. City of Tacoma Police. Duties: RCW 10.93.020.1 - 2 Requests
3. Pierce County Sheriff. Duties: RCW 10.93.020.1 - 5 Requests
4. The Washington State Patrol. Duties: RCW 10.93.020.1 - 4 Requests
5. The FBI, Seattle Office - 3 Requests
6. The City of Gig Harbor Prosecutor - 3 Requests
7. Pierce County Prosecutors - 10 Requests
8. US Attorney, Seattle - 3 Requests
9. US Department of Justice, Civil Rights Division - 1 Request
10. US Department of Justice, Criminal Division - 5 Requests
11. Office of the Governor, Lt. Governor, and Secretary of State (The Executive of Washington State). Duties: RCW 43.06.010, RCW 42. 52. 900 - 14 Requests
12. Office of the Attorney General. Duties: RCW 43.010.090, RCW 42. 52. 900 - 12 Requests
13. Washington State Senate: 49 Senators petitioned individually. US Constitutional right to petition legislators and RCW 42. 52. 900 - 3 Approaches each - 147 Requests
14. Washington State Senate Judiciary Committee: Petitioned individually. US Constitutional right to petition legislators and RCW 42. 52. 900 - 3 Requests
15. Washington State House of Representatives: 98 Representatives petitioned individually. US Constitutional right to petition legislators and RCW 42. 52. 900 - 3 Approaches each - 296 Requests
16. Washington State House Judiciary Committee Petitioned individually. US Constitutional right to petition legislators and RCW 42.52.900 - 3 Requests
17. Office of the Washington State Chief Justice - 7 Requests
18. Superior Court Judges Association - 2 Requests
19. US Senate - 16 Senators petitioned individually. US Constitutional right to petition legislators - 2 Approaches, 32 Requests
20. US House of Representatives. US Constitutional right to petition legislators. 8 Representatives petitioned individually - 2 Approaches, 16 Requests
21. Councilors of Pierce County. Duties: Article 3, Washington State Constitution - 8 Councilors petitioned individually - 8 Requests
22. Councilors of the City of Tacoma. Article 3, Washington State Constitution - 9 Councilors petitioned individually - 2 approaches - 18 Requests
23. Commission on Judicial Conduct. RCW 42.52.370 and RCW 2.64 and Article IV, Section 31 of the State Constitution. - 22 members petitioned individually - 4 Approaches - 44 Requests

03 2496

FILED

DEC - 3 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

24. Commission on Gender and Justice - 1 Request
25. Washington State Bar Association - 6 Requests
26. Washington Legislative Ethics Committee - 1 Request
27. Washington Executive Ethics Committee - 1 Request
28. Pierce County Ethics Committee - 1 Request

Six hundred and fifty-six (656) individual requests were made to officers of 28 pertinent institutions of government. In addition to duties prescribed in the laws listed above, all Washington State Officers had further duties in terms of the Section 3 of the State Constitution, and in terms of RCW 42. 52. 900, the Legislative Declaration.

# Exhibit 2

**Prima Facie evidence of violation of the laws listed below, was provided to the Defendant:**

1. 14th Amendment, US Constitution
2. Article 3, Washington State Constitution
3. Conspiracy against Rights, 18 USC § 241
4. Conspiracy to commit an offense, USC 18 § 371
5. Deprivation of Rights, 18 USC § 242
6. Misprision of Felony, 18 USC § 4
7. Obstruction of Justice, 18 USC § 1505
8. Accessory after the Fact 18 USC § 3
9. Burglary - RCW 9A.52.025
10. Perjury - RCW 9.72
11. Fraud - RCW 9, 9A
12. Intent to Defraud - RCW 10.58.040
13. Theft - RCW 9A.56.030
14. Tampering with Physical Evidence - RCW 9A.72.150
15. Rendering criminal assistance - RCW 9A.76.080
16. Failure of duty by public official - RCW 42.20.100
17. Failure of judge to recuse - 2.28.030
18. Official Misconduct - RCW 9A 80.010
19. False report by public official - RCW 42.20.040
20. Oath of Office
21. Legislative Declaration - RCW 42. 52. 900
22. Perjury - RCW 9A.72
23. Perjury - Inconsistent statements -RCW 9A.72.050
24. Statements of what one does not know to be true - RCW 9A.72.080
25. False swearing - RCW 9A.72.040
26. False Representation - RCW 9.38
27. False representation concerning title - RCW 9.38.020
28. Separate property of husband - RCW 26.16.010
29. Separation contract - RCW 26.09.070
30. Unfair distribution of assets - RCW 26.09.080
31. Rights of Married Persons in General - RCW 26.16.150
32. Regarding Foreign Law - RCW5.44.050
33. International Law of Contract
34. Maintenance Orders - RCW 26.09.090
35. Payment of Costs - RCW 26.09.140
36. Changing of divorce decree after trial

03 2496

FILED

DEC - 3 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT