**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY P. KEYTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civ. No. 03-2496 (EGS) |
| | ) |
| GEORGE W. BUSH, President of | ) |
| the United States | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Anthony Keyter is proceeding *pro se*.  He seeks
damages from defendant President Bush for "reckless disregard of
his statutory duties and violation of Section 3 of Article II of
the United States Constitution; violation of 18 U.S.C. § 241;
violation of 18 U.S.C. § 242; violation of 18 U.S.C. § 4; and for
reckless disregard of his Common Law duties."  Compl. at 1.
While not entirely clear from the face of the Complaint or
subsequent pleadings, the crux of plaintiff's Complaint appears
to be that President Bush failed to respond to plaintiff's
reports of "collusion" in the Washington state court system.
Plaintiff states that "evidence of 1239 principal violations and
244,083 counts of conspiracy by 195 Officers of Washington State,
and 2 others, was lodged with the U.S. Department of Justice,

1

together with a request to investigate and prosecute these crimes" but "despite the appropriate authorities having full knowledge of the crimes, the perpetrators enjoyed impunity without intervention of law." *Id.* at 3.[1]  Plaintiff also alleges that he sent four letters, including a "970 page Dossier of Crimes" to President Bush "informing him of the crimes and the defeat of justice within Washington State and in the U.S. Department of Justice." *Id.* at 3-4.  The letters "contained requests to the Defendant to see to the proper execution of the laws of the country which pertained to this case." *Id.* at 3. Apparently, the President did not respond, as plaintiff initiated the instant suit against the President premised on the theory that the President has "willfully failed his Constitutional duties to take care that the laws be faithfully executed." *Id.* at 4.

Pending before the Court are defendant's Motion to Dismiss the case in its entirety, and plaintiff's Motion to Disqualify the U.S. Attorney on Grounds of Conflict of Interest.  Upon careful consideration of the motions, the responses and replies

---

[1] Plaintiff alleges that a judge in the Washington Superior Court "colluded with two others and fraudulently and illegally seized the Plaintiff's assets and a portion of future income."  Compl. at 2.  He further states that the crimes perpetrated against him in the Washington court system include burglary, perjury, fraud, theft, and tampering with Court evidence.  *Id.*

thereto, as well as the governing statutory and case law, and for the following reasons, it is by the Court hereby **ORDERED** that defendant's motion to dismiss is **GRANTED;** and it is **FURTHER ORDERED** that plaintiff's motion to disqualify the U.S. Attorney is **DENIED.**

## II. Motion to Dismiss

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claims are barred on immunity grounds, the plaintiff fails to state a cause of action against the United States under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the criminal statutes plaintiff invokes do not provide for a private cause of action.

### A. Standard of Review

In appraising the sufficiency of a complaint, a court must follow "the accepted rule that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Swierkiewicz v. Sorema,* 534 U.S. 506, 514 (2002) (stating that a court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts

3

that could be proved consistent with the allegations")(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).   For purposes of a motion to dismiss, a court must treat the plaintiff's factual allegations as true, *see e.g., Warth v. Seldin,* 422 U.S. 490, 501 (1975), and must liberally construe the complaint in favor of the plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421-422 (1969).

### B. Immunity

Neither the Complaint or plaintiff's subsequent pleadings make clear whether plaintiff seeks to hold the President liable in his personal capacity or in his official capacity.   Under either theory, however, the President is immune from the instant suit.

It is well recognized that some government officials, including the President, are absolutely immune from suits for damages.   "For officials whose special functions or constitutional status requires complete protection from suit, we have recognized the defense of 'absolute immunity'. . . our decisions also have extended absolute immunity to certain officials of the Executive Branch . . .[including] the President of the United States*." Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (quoting *Nixon v. Fitzgerald*, 457 U.S. 731 (1972)); *see*

*also Idrogo v. U.S. Army*, 18 F. Supp. 2d 25, 29 (D.D.C. 1998) (recognizing President's absolute immunity from civil damages actions).  Plaintiff argues, unpersuasively, that the President has a duty as a "private citizen" to investigate plaintiff's allegations of illegal activity in the Washington court system. Pl.'s Response to Mot. to Dismiss at 7.  The instant suit, however, is, in plaintiff's words, premised on the President's alleged "reckless disregard of his Constitutional and statutory duties;" in essence, an allegation that the President has failed to perform official, Presidential functions.  Compl. at 4. Accordingly, it is clear that this case falls squarely into the category of suits from which the President is absolutely immune.[2]

Similarly, if plaintiff is proceeding against the President in his official capacity, the suit is barred on sovereign immunity grounds.  Absent a specific waiver by the government, sovereign immunity bars suits for damages against a government official, such as the President, acting in his official capacity. *See, e.g., Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C.

---

[2] Moreover, if Plaintiff's claim is construed as a *Bivens* action, it also fails.  "To the extent that plaintiff seeks to assert *Bivens* claims personally against [the President] . . . he cannot do so in the absence of any allegation that [the President] . . . was personally involved in the decisions that adversely affected plaintiff's rights."  *Zakiya v. U.S.,* 267 F. Supp. 2d 47, 56 (D.D.C. 2003)(citing *Cameron v. Thornburgh*, 983 F.2d 253, 257-58 (D.C. Cir. 1993).

Cir. 1984) ("Sovereign immunity . . . does bar suits for money damages against officials in their official capacity absent a specific waiver by the government.")(collecting cases).  Here, plaintiff alleges that the President acted in reckless disregard of his official duties, and the government has not waived immunity.[3]  Accordingly, if plaintiff does seek to proceed against the President in his official capacity, sovereign immunity bars any recovery of money damages.[4]

### C. Criminal Counts

Plaintiff also invokes sections of the criminal code, 18 U.S.C. § 241 (Conspiracy Against Rights), 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law), and 18 U.S.C. § 4 (Misprision of Felony), as grounds for damages.  However, as defendant correctly points out, these statutes do not provide for a private cause of action.  *See, e.g., Rockefeller v.*

---

[3] Plaintiff makes vague, conclusory statements about the President's "criminal acts," concluding that because crimes are "acts of unofficial conduct" they do not fall under the shield of immunity.  Pl.'s Response to Mot. to Dismiss at 5.  However, plaintiff points to absolutely no evidence of illegal activity on the part of the President; accordingly, the Court does not credit this argument.

[4] If plaintiff is attempting to proceed on a tort theory of negligence, he has failed to comply with the conditions of the Federal Tort Claims Act, namely bringing suit against the United States rather than a named official.  *See* 28 U.S.C. § 2671 *et seq.*

*U.S. Court of Appeals Office, for Tenth Circuit*, 248 F. Supp. 2d 17, 22 (D.D.C. 2003)("the plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. § 242 . . . because, as criminal statutes, they do not convey a private right of action."); *see also* 28 U.S.C. § 547(1) (stating that the United States Attorney "shall prosecute for all offenses against the United States"). Accordingly, these claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III. Motion to Disqualify U.S. Attorney

Plaintiff moves to disqualify the United States Attorney on the grounds that the U.S. Attorney has a conflict of interest that precludes the representation of President Bush. Plaintiff's theory--that the U.S. Attorney has a duty to prosecute the President for alleged crimes and thus the U.S. Attorney cannot also defend the President in the instant action-- is utterly without merit.[5]  As defendant correctly argues, the United States Attorney is acting within his statutory authority in representing the President.  *See* 28 U.S.C. § 547(2) ("Except as otherwise provided by law, each United States attorney, within

---

[5] Plaintiff erroneously relies on D.C. Rule of Professional Conduct 1.7, arguing that the United States Attorney "would be acting in conflict of interest if he 'advances two or more adverse positions in the same matter.'" Pl.'s Reply at 2 (quoting Rule 1.7)

his district, shall (1) prosecute for all offenses against the United States;(2) prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned . . . .").   Accordingly, plaintiff's motion to disqualify the U.S. Attorney is denied.


## IV. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED** that defendant's motion to dismiss is **GRANTED;** and it is

**FURTHER ORDERED** that plaintiff's motion to disqualify the U.S. Attorney is **DENIED;** and it is

**FURTHER ORDERED AND ADJUDGED** that the Clerk shall enter final judgment in favor of defendant and against plaintiff on all claims; and it is

**FURTHER ORDERED** that the Clerk of the Court is directed to remove this case from the active calendar of the Court.


**Signed:   Emmet G. Sullivan**
**          United States District Judge**
**          August 6, 2004**